Filed 1/31/22  P. v. Lipsey CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER LIPSEY,<br><br>    Defendant and Appellant. | B308671<br><br>(Los Angeles County<br>Super. Ct. No. BA340280) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Irvi and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2009, Christopher Lipsey was convicted of attempted murder with true findings on several gang, firearm, and prior conviction enhancements.  On July 13, 2020, Lipsey filed a petition for resentencing pursuant to Senate Bill No. 1437 and Penal Code[1] section 1170.95.  After appointing counsel, the trial court denied the petition, finding Lipsey ineligible for relief under Senate Bill No. 1437 because (1) he was convicted of attempted murder, not murder; (2) the jury was not instructed on the natural and probable consequences doctrine as the basis for the attempted murder conviction; (3) appellant was the shooter.  We affirm.

A.    *Statement of Facts*

The statement of facts is taken from this court's opinion affirming appellant's conviction.  (*People v. Lipsey* (Dec. 2, 2010, B216787) [nonpub. opn.].)  During a confrontation with rival gang members outside a market, appellant pulled a gun from his waistband and fired a single gunshot, wounding the victim.  The shooting was caught on the market's surveillance videos.  Upon his arrest, appellant admitted to police that he had "socked" the victim.  He said the victim then pulled out a gun which appellant grabbed and used to shoot the victim.  The victim later identified appellant as the shooter from a photospread, although at the preliminary hearing he claimed he was forced to do so or face revocation of his own parole.  (*Ibid.*)

At trial, the People argued appellant was the actual killer.  Appellant argued his confession was false; he acted in self-defense; and the shooting was, at most, an assault with a deadly weapon because he did not have the intent to kill.  The jury found

---

[1]    Undesignated statutory references are to the Penal Code.

2

appellant guilty of attempted murder and that he personally discharged the firearm, causing great bodily injury to the victim. (*People v. Lipsey*, *supra*, B216787.)  Appellant was eventually sentenced to 47 years in state prison.  (*Ibid.*)

B.      *The Petition for Resentencing*

In 2018, the Legislature passed Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended section 188 to require that a principal "shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also added section 1170.95, which sets forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts."  (§ 1170.95, subd. (a).) Pursuant to section 1170.95, an offender must file a petition (along with a declaration) in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be

3

convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A).)

Once a complete petition is filed, the court is authorized to appoint counsel for the petitioner upon request. The court determines whether "the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) In making this assessment, the trial court "should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*).) The court's authority to summarily deny a petition is thus limited to "readily ascertainable facts" taken from the record of conviction, rather than factfinding involving the weighing of evidence or the exercise of discretion. (*Id.* at p. 980.)

The opinion affirming a petitioner's conviction is part of the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)

After the court issues an order to show cause, an evidentiary hearing is held to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and

4

the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

C.     *The Trial Court's Denial of the Petition*

The trial court denied the petition on three grounds. First, the trial court found that section 1170.95 relief is available to petitioners convicted of murder, not attempted murder. After that ruling, the California legislature passed Senate Bill No. 775, which expressly extends section 1170.95 relief to individuals convicted of attempted murder under the natural and probable consequences doctrine. (Sen. Bill No. 775 (2020–2021 Reg. Sess.) § 2, amending § 1170.95, subd. (a), eff. Jan. 1, 2022.) We agree with both parties that appellant's conviction for attempted murder, in and of itself, does not make him ineligible for relief under newly amended section 1170.95.

Nevertheless, appellant remains ineligible for relief. Appellant was not convicted of attempted murder under the natural and probable consequences doctrine. That doctrine imputes vicarious liability for reasonable foreseeable consequences of offenses committed by the person the accused aids or abets. (*People v. Prettyman* (1996) 14 Cal.4th 248, 261.) Here it is undisputed that appellant was prosecuted as the actual shooter, not under any theory of aiding and abetting, and the jury found true the allegation that he personally discharged a firearm causing great bodily injury to the victim. The trial court did not err in finding appellant ineligible for relief.

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

HARUTUNIAN, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.